Vincent S. Verdiramo, Esq.
(VSV0830)
Verdiramo & Verdiramo, P.A.
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
(201) 798-7082
(201) 798-4627 - fax
verdiramo@aol.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FONTAINE RESOURCE GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VALCOM INCORPORATED, VINCENT VELLARDITA, PETER UMBRIANNA, GREG CURTIS, <br><br> Defendants. | Case No.: CIV-11- 4445 (KSH) <br><br> COMPLAINT |

Plaintiff, Fontaine Resource Group, Inc., by its attorneys, Verdiramo & Verdiramo, P.A., for its Complaint against the Defendants herein alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Fontaine Resource Group, Inc. ("Fontaine") is a corporation in good standing with its principle place of business in Middlesex County, New Jersey.

2. Upon information and belief, ValCom, Inc. ("ValCom") is a publicly traded corporation in good standing with its principle place of business at 2113A

1

Gulf Boulevard, Indian Rocks Beach, Florida 33785.

3. Upon information and belief, Defendant Vincent Vellardita ("Vellardita") is the chief executive officer of Defendant ValCom and further is the controlling shareholder of ValCom.

4. Upon information and belief, Defendant Peter Umbrianna is a resident of the State of Massachusetts, with his principle place of business at 44 School Street, 2nd Floor, Boston, MA 02108.

5. Upon information and belief, Defendant Greg Curtis is a resident of the State of New York with his principle place of business in the State of New Jersey, 505 Morris Ave, Suite 302, Springfield, NJ. 07081.

6. The original jurisdiction of this Court is founded upon 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(1) in that Plaintiff resides and transacts business within this jurisdictional district and that the Defendants reside and/or transact business within this judicial district and further Plaintiff resides and transacts business within this jurisdictional district.

## BACKGROUND FACTS

8. Defendant ValCom is a public company registered with the Securities and Exchange Commission and alleges to be a "diversified, fully integrated, independent entertainment company that has been in operation since 1983". ValCom is currently a penny stock company and trades in the pink

2

sheets on the NASDAQ exchange.

9. As a Company, ValCom has, according to its filed disclosure statements, entered into any number of various ventures and has, for the most part, operated with net operating losses until recently.

10. Pursuant to its published disclosures, it has entered into several private placement agreements with individual investors. The purpose of these private placement agreements has been stated to bring operating capital and money needed for various ventures into the corporation. Upon information and belief, Defendant Vincent Vellardita, as CEO, of ValCom has dictated and controlled the terms of the negotiations on behalf of the Defendant Corporation with regard to each of these private placement memorandums.

11. Further, upon information and belief, with regard to the negotiations concerning the various private placements, Defendant Vellardita has made representations and statements to the various investors as to how their monies would be utilized and how the terms of their investments in the Corporation would be honored by the Corporation.

12. Pursuant to applicable Securities and Exchange regulations and federal law, Defendant corporation, ValCom, Inc., is required to reveal the existence of private placements entered into in its financial disclosures as filed.

13. On or about July 30, 2010, ValCom entered into a private placement agreement with Theresa Ann Paul. The private placement memorandum

is executed by Vincent Vellardita on behalf of ValCom, Theresa Ann Paul as investor. The terms of performance of the corporation is guaranteed individually by Defendants Peter Umbrianna and Greg Curtis. A copy of the private placement memorandum is annexed hereto as Exhibit A.

14. Pursuant to the private placement memorandum, Theresa Ann Paul (hereinafter "Paul") was solicited by the Company, and or its representatives, in the State of New Jersey, to invest $25,000 pursuant to terms set forth by the Company in a private placement memorandum for ValCom. In return for said $25,000 investment in the placement for the Company, ValCom offered Paul $35,000 on or before October 31, 2010. Additionally, ValCom agreed to additionally compensate Paul with 150,000 restricted common shares of ValCom (VCLO). Paul agreed to hold said shares for a minimum of six months and thereafter ValCom agreed not to contest any legal opinion regarding applicable exemption pertaining to said shares so that same could be sold at anytime following the 6 month holding period from the date the placement was made.

15. ValCom additionally agreed to issue in the name of Paul one million restricted common shares bearing the same date to insure specific performance on behalf of Valcom to Paul for the payment of the $35,000 as referenced in paragraph 14 above, and the then value at the time of the placement, for the 150,000 shares. The private placement further stated that if the Company, Valcom, did not perform "any part of the transaction", Paul would immediately become vested in the one million shares held

under the specific performance covenant, and that the Company would issue additional shares pursuant to the same original date holding period sufficient in value to pay Paul an additional $100,000 penalty, together with the $35,000 and 150,000 shares.

16. The agreement further provided that the damages referenced above could not be contested and that the additional shares would be issued in sufficient quantities so that Paul or her assigns could realize in the market $100,000 from the sale of said stock, in addition to the placement terms calling for the $35,000 cash payment and 150,000 common shares.

17. Additionally, the Company offered $2 from any sale of any Michel Lagrand DVD or CD sold to any party so as to insure the specific performance terms of the private placement.

18. All of the terms of the private placement were proposed by Defendant Vellerdita on behalf of ValCom, Inc. and were accepted by Paul. Further, the performance of the Corporation as dictated by Vellardita, with regard to the stock issuance and/or the monetary penalties for non-performance by the Corporation were individually guaranteed by Defendants Umbrianna and Curtis.

19. Pursuant to an assignment of interest and resolution dated May 30, 2011, Theresa Ann Paul assigned her rights pursuant to the private placement agreement dated July 30, 2010, to Plaintiff Fontaine Resource Group, Inc.

## COUNT ONE

20. Plaintiff repeats and realleges all of the allegations contained within paragraph 1 through 19 of Plaintiff's Complaint as if set forth at length herein.

21. During the solicitation period for the private placement in question, Vincent Vellerdita was attempting to finalize, on behalf of ValCom, a business arrangement with Genesis Network of New York. At that time ValCom's network broadcast center was located in Tampa, Florida and was to be strategically relocated to New York with the Genesis Network to increase profitability and market appeal. At that time, the Company purportedly did not have the funds necessary to effectuate this transfer and claimed they required $25,000 in order to accomplish same. Time was of the essence and therefore the Company was willing to make an attractive private placement offer on a direct basis to an investor for the primary benefit of Valcom.

22. Vellerdita requested the assistance of Defendant Curtis and Defendant Curtis requested the assistance of Defendant Umbrianna in order to raise the $25,000 that Mr. Vellerdita required in order to effectuate the Genesis Network transfer.

23. Based upon the representations of Vellerdita that the investment and the specific performance of the placement agreement, Paul agreed to invest in the Company via the placement and advanced the monies as directed by Vellerdita to Genesis Network.

24. Vellerdita and the Company warranted and represented that the monies would be used for this purpose and that the Company would immediately issue the shares concomitantly with the placement date as required by the private placement agreement.

25. Defendant ValCom, Inc. is in default of all of its obligations pursuant to the private placement agreement.

26. Defendant ValCom did not pay to Paul $35,000 on or before October 31, 2010.

27. Defendant ValCom did not issue 150,000 shares of restricted stock to Paul and as a result thereof she has been unable to sell said shares.

28. Defendant ValCom has not issued to Paul the 1,000,000 shares which were to be required as specific performance guarantee.

29. Given the default of ValCom under the agreement and the failure to provide the 1,000,000 shares of additional security, Paul was not able to sell the 1,000,000 shares as provided in the agreement.

30. Defendant ValCom has not paid $2 per copy of any Michel Lagrand DVD or CD sold to any party as additional consideration pursuant to the private placement.

31. In every respect, Valcom has not only defaulted on its obligations pursuant to the private placement but has also perpetrated intentional fraud against the Plaintiff. Furthermore, Defendent has not disclosed the private placement and its default thereon to its auditors nor have they filed appropriate paperwork with the SEC or FINRA.

32. Plaintiff, as the lawful assignee, acquired the rights of Paul pursuant to the private placement agreement and has been damaged to the same extent as Paul.

33. Demand has been made upon ValCom on several occasions to make payment as required by the private placement memorandum including to issue common stock as required, and to date, ValCom has failed to perform.

34. Upon information and belief, ValCom has never disclosed in its public filings the existence of the private placement memorandum in question.

**WHEREFORE**, Plaintiff demands:

a. Judgment against Defendant ValCom, Inc. for compensatory damages;

b. For an Order directing payment of $135,000 pursuant to the terms of the private placement agreeement paid to Plaintiff;

c. An order for the issuance of 1,150,000 shares dated as of the effective date of the placement and for the court to lift any restrictive legend so that plaintiff does not have to file suit again for lack of performance.

d. An order for an accounting on all of the sold Michel Legrand DVD's and CD's and payment for all sold in the amount of $2 each and following payments quarterly henceforth.

e. The issuance of stock sufficient so that through sale of same Plaintiff may realize all monies due it as a result of the private placement agreement;

f. An award of interest, costs and disbursements, and attorneys' fees;

g. Such other further damages and relief as this Court deems equitable and

Just.

## SECOND COUNT

35. Plaintiff repeats and realleges all of the allegations contained within paragraph 1 through 34 of Plaintiff's Complaint as if set forth at length herein.

36. Defendant Vincent Vellerdita made representations to Paul in order to induce Paul to enter into the private placement memorandum in question. The representations made to Paul were that in return for Paul investing $25,000 in ValCom via the private placement that she would be paid $35,000 on or before October 31, 2010 and that further she would be issued 150,000 shares of restricted common stock which would be eligible for exemption and therefore eligible to be sold as free trading in six months dated concomitantly with the execution of the private placement agreement.

37. Vellerdita further represented that the Company would issue in the name of Paul; 1,000,000 restricted common shares as further assurance of specific performance of the transaction that in the event of default Paul would be eligible to sell and dispose of these 1,000,000 shares in order to realize damages in the amount of $100,000, plus the $35,000.

38. Vellerdita further represented to Paul additional shares of stock would be issued so that Paul would realize $135,000 for the sale of said stock to resolve the damages clause of the private placement agreement and further would be assigned $2 per copy of any Michel Lagrand DVD or CD

sold to any third-party in addition to the 150,000 common shares.

39. Vellerdita made the aforesaid representations in order to induce Paul to invest $25,000 in the company and transfer same to Genesis Networks so as to effectuate the transfer of the broadcasting network from Florida to New York on behalf of the Company for its benefit as well as its primary shareholder, Vellardita.

40. Vellerdita made the aforesaid representations to Paul in order to induce her to advance the $25,000 on behalf of the Company.

41. The aforesaid representations were made with the intention that Paul rely upon said representations in order to induce her to advance the sums described.

42. The representations made by Vellerdita were knowingly false at the time that they were made in that he, nor the Company, has never undertaken any steps whatsoever to satisfy and/or cause the Company to comply with the obligations pursuant to the private placement memorandum.

43. Paul and now her assignee, Plaintiff herein, have been damaged as a result of these false and fraudulent representations.

44. Defendant Vellerdita, individually, and Defendant ValCom are guilty of fraud and have committed fraud upon Paul and therefore her assignee herein as a result of the aforesaid representations and inducements.

**WHEREFORE**, Plaintiff demands:

a. Judgment against Defendant Vellerdita individually and Defendant ValCom, Inc. for compensatory damages;

b. Due to fraudulent actions of Vellerdita on behalf of the corporation herein, Plaintiff demands judgment awarding punitive damages against Vellerdita individually and the Corporation, jointly and severally, in the amount of three times its actual damages as set forth in the private placement memorandum due to the fraudulent conduct of Vellerdita and the company as stated herein;.

c. An award of interest, costs and disbursements, and attorneys' fees;

d. Such other further relief as this Court deems equitable and just.

### THIRD COUNT

45. Plaintiff repeats and realleges all of the allegations contained within paragraph 1 through 44 of Plaintiff's Complaint as if set forth at length herein.

46. Defendant Peter Umbrianna and Greg Cutis are the unconditional guarantors of the performance of the Corporation pursuant to the private placement memorandum annexed hereto as Exhibit A. Both have made representations that they will not contest the findings of the Court relative to this case and in the event that Vellardita and Valcom are forced into liquidation and that upon liquidation of all assets that Plaintiff cannot be paid in full including all damages and attorney's fees, Umbrianna and Curtis will be responsible to Plaintiff for any such short fall.

47. The Defendant Corporation being in complete default of its obligations pursuant to the private placement agreement triggers the guarantors' obligations to guarantee the financial obligation of the corporation as

stated within the private placement memorandum including any court found penalties exclusive of fraud.

48.    Defendant guarantors have been notified of the Defendant Corporation's default pursuant to the private placement memorandum and have thus far failed to cure or otherwise remedy the default of the Corporation pursuant to the private placement memorandum.

**WHEREFORE**, Plaintiff demands judgment against the individual guarantors, jointly and severely for:

a.    Compensatory damages;

b.    An award of interest, costs and disbursements, and attorneys' fees;

c.    Such other further relief as this Court deems equitable and just, including, but not limited to, reasonable attorneys' fees and costs of suit.

Dated: July 27, 2011

Vincent S. Verdiramo, Esq. (VSV0830)
Verdiramo & Verdiramo, P.A.
3163 Kennedy Boulevard
Jersey City, New Jersey 07306
201-798-7082, 201-798-4627 (fax)
verdiramo@aol.com